IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DR. JAMES B. DETORRE, MD,          )
                                   )
            Plaintiff,             )
                                   )
     v.                            )    1:09CV896
                                   )
STANLY MEDICAL SERVICES, INC.,     )
                                   )
            Defendant.             )
```

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court pursuant to the parties' Consent Motion for Entry of Qualified Protective Order (Docket Entry 12). For the reasons that follow, the Court will deny said motion.

The parties' instant motion cites federal and state law requiring the protection of certain health-related information as the basis for the request. (Docket Entry 12 at 1-2.) The proposed "Consent Protective Order," however, seeks protection not just for "protected health information," but also "other confidential information." (Docket Entry 12-1 at 1.) It further provides that "[a]ll documents and/or other materials disclosed by the parties shall be deemed Confidential Material and subject to this Protective Order." (Id. at 2.) This approach appears broader than authorized by Federal Rule of Civil Procedure 26(c) or required by the other authority cited by the parties in the instant motion.

In addition, the proposed order provides that "[a]ny discovery material designated as 'Confidential' under this Order shall, if filed with the Court, be filed under seal and clearly marked 'Confidential,' and opened only by authorized court personnel."

(Id. at 4.)  The parties' proposal does not address what, if any, justification the parties would submit to the Court with these sealed filings.

For the reasons stated in Haas v. Golding Transp. Inc., No. 1:09CV1016, 2010 WL 1257990 (M.D.N.C. Mar. 26, 2010) (unpublished), the Court will not enter the proposed Consent Protective Order as currently drafted.  Instead, the Court will afford the parties an opportunity:  1) to submit an "Amended Consent Protective Order" that clarifies what information the parties seek to protect and that addresses the matters outlined in Haas regarding the importance of a good faith limitation on designations of confidential information by counsel and restrictions on prospective sealing orders; or 2) to file a motion for reconsideration and supporting brief setting out argument and/or authority showing that the existing proposal complies with controlling precedent.

If they choose the former option, the parties:  1) may omit references to confidential information other than health information and the paragraph regarding sealed court filings all together; or 2) they may revise those aspects of their proposal.  To the extent that any such revised version continues to provide prospectively for the filing of documents under seal, the parties: 1) shall re-caption the proposal as "Consent Protective Order and Prospective Sealing Order"; and 2) shall incorporate into said proposed order a description of the court filings covered by the prospective sealing provision (e.g., discovery-related motions, dispositive motions, etc.), a statement explaining the need for any

sealing (including why alternatives would not suffice), and references to applicable case law.[1]

**IT IS THEREFORE ORDERED** that the parties' Consent Motion for Entry of Qualified Protective Order (Docket Entry 12) is DENIED.

**IT IS FURTHER ORDERED** that the parties may submit an "Amended Consent Protective Order" consistent with the terms of this Memorandum Opinion and Order or, alternatively, may file a motion for reconsideration asking the Court to enter the "Consent Protective Order and Prospective Sealing Order" as drafted, with a supporting brief that demonstrates the propriety of the original proposal.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 27, 2010

---

[1] The Court foresees that, because "[a] party moving to seal documents filed in support of a motion for summary judgment in a civil case bears a heavy burden," Jennings v. University of N.C. at Chapel Hill, 340 F. Supp. 2d 679, 681 (M.D.N.C. 2004), fashioning a prospective sealing provision for filings of that sort will be difficult. However, given the existence of significant authority indicating that "[t]he better rule is that material filed with discovery motions is not subject to the common-law right of access," Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001), it is easier to envision a prospective sealing provision limited to such motions. See also Pintos v. Pacific Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009) ("'[G]ood cause' is also the proper standard when a party seeks access to previously sealed discovery attached to a nondispositive motion."); Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions . . ., but no such right as to discovery motions and their supporting documents."); Anderson v. Cryovac, Inc., 805 F.2d 1, 10 (1st Cir. 1986) ("Although we agree that the public has a right of access to some parts of the judicial process, we conclude that this right does not extend to documents submitted to a court in connection with discovery proceedings."). Cf. In re Policy Mgt. Sys. Corp., 1995 WL 541623, at *4 (stating "that a document becomes a judicial document when a court uses it in determining litigants' substantive rights" (emphasis added)).